**MICHAEL COSENTINO, SBN 83253**
**Attorney at Law**
**P.O. Box 129**
**Alameda, CA 94501**

**Telephone: (510) 523-4702**

Attorney for the Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Case No. C06-6999M JCS |
|                 Plaintiff,     ) | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
|                 ) | |
|     v.                 ) | Date:   August 31, 2007 |
|                 ) | Time:   1:30 P.M. |
|                 ) | Place:  Magistrate Judge Spero |
| CHRISTINE T. BUNCE,         ) |        15th Floor, Courtroom A |
|             Defendant,   ) |        Federal Courthouse |
| _____) |        San Francisco, CA |

TO ALL PARTIES IN INTEREST HEREIN:

NOTICE IS HEREBY GIVEN that on **August 31, 2007**, at **1:30 P.M.** or as soon thereafter as the matter may be heard in the courtroom of the Honorable United States District Court Magistrate Judge Joseph C. Spero, United States District Court, 450 Golden Gate Avenue, **Courtroom A**, 15th Floor, San Francisco, California 94102, plaintiff, United States of America, on behalf of its agency, the Department of Health and Human Services, will, and hereby does, move the above-entitled Court for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in favor of the United States against Christine T. Bunce, on the grounds that there is no genuine issue as to any material fact, and the United States is entitled to judgment as a matter of law.

This motion is based on the Memorandum In Support of Plaintiff's Motion for Summary

Judgment, the Statement of Facts and the DECLARATION OF BARRY BLUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (BLUM DECLARATION, hereafter), filed concurrently herewith, as well as all prior pleadings filed in this action, and such matters as may arise at the hearing.

STATEMENT OF FACTS

1.  Between October 8, 1990 and November 15, 1993, Defendant Christine T. Bunce applied for and received 7 Health Educational Assistance Loans ("HEAL") totaling $38,454.00 under 42 U.S.C. section 294f-p to attend California School of Professional Psychology.  *See* paragraph #s 3 through 11, inclusive, and Exhibits 1-7, inclusive, of the BLUM DECLARATION.

2.  The defendant signed seven promissory notes at variable rates of interest subject to change at three month intervals, with compounding of interest every six months. *See* paragraph #s 3 through 11, inclusive, and Exhibits 1-7, inclusive, of the BLUM DECLARATION.

3.  Defendant's HEAL loan was to be repaid at a variable rate of interest beginning May 15, 1995, the first day of the tenth month after defendant ceased to be a full time student.  *See* paragraph 12 of the BLUM DECLARATION.

4.  Subsequent to her leaving California School of Professional Psychology, the defendant was granted a Forbearance Agreement and a deferment for the period April 15, 1995, to June 14, 1996, with payments to begin thereafter.  The defendant made no payments.  *See* paragraph # 13 of the BLUM DECLARATION.

5.  On November 11, 1996, the SLMA sent defendant a final demand letter to remit payment in full or her account would be filed as a default claim; defendant made no payments nor did she respond.  *See* paragraph # 14 of the BLUM DECLARATION.

6.  Due to the defendant's failure to make payments, SLMA submitted 4 insurance claims encompassing the 7 notes on December 27, 1996, to DHHS.  The claims, in the total amount of $52,907.00 were paid on January 17, 1997, and an assignment of the notes was received by DHHS.  *See* paragraph # 15 of the BLUM DECLARATION.

7.  DHHS notified defendant by letter dated January 22, 1997, that the previous holder of her promissory notes submitted an insurance claim and assigned her notes to the U.S.

Government.  *See* paragraph # 16 of the BLUM DECLARATION.

8.  Each of the seven loan principals have collectively accrued interest computed at a variable rate; due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.  *See* paragraph # 17 of the BLUM DECLARATION.

9.  On July 25, 2005, a single payment of $2,000.00 was allocated pro rata to each of defendant's 7 accounts.  *See* paragraph # 18 and Exhibit **8** of the BLUM DECLARATION.

10.  The total amount due as of August 31, 2007, the date this motion is calendared to be heard, will be $107,749.23, plus $23.05 per day thereafter until the entry of judgment herein.  *See* paragraph #s 19 and 20 and Exhibit **9** of the BLUM DECLARATION.

11.  The United States did not waive or release any of its rights herein.  *See* paragraph # 21 of the BLUM DECLARATION.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

A.  The Health Educational Assistance Loan ("HEAL") program, authorized under 42 U.S.C. section 294, *et. seq.* implemented by 42, Code of Federal Regulations Part 60, is a loan program for health profession students under which private lenders make the loans, under an insurance agreement the Department of Health and Human Services guarantees them fully in the event of bankruptcy, death or default.

B.  <u>Plaintiff is Entitled to Summary Judgment</u>

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FRCP 56(e); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Stitt v. Williams*, 919 F.2d 516, 520 (9th Cir. 1990).  Here, there are no material factual issues surrounding defendant's financial obligation, and the plaintiff is entitled to relief under the applicable law.  In a suit on a promissory note as here, where the plaintiff has established, through verified pleadings and exhibits, the existence of the note, the defendant's default, and the amount due, the plaintiff has established a *prima facie* case.  *See* Statement of Facts, *supra*.  The burden then shifts to the defendant to prove that the amount alleged to be due is not owing. *See United States v Glaude*, 1999 WL 1080680, *1 (N.D. Cal. November 12, 1999)citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975).  The burden on the

1  nonmoving party is to set forth by affidavit or as otherwise provided by Rule 56, specific facts

2  demonstrating a genuine factual issue for trial.  *See* FRCP 56(e); *Celotex Corp v. Catrett*  477

3  U.S. 317, 324 (1986); *Matsushita elec. Indus.Co. v. Zenith Radio Corp.*, 475  U.S. 574, 587.

4        The nonmoving party may not rest upon the mere allegations or denials of his pleadings.

5  *See* FRCP 56(e); *Anderson* , at 256; *Matsushita*,  at 587. Mere conclusory and unsupported

6  allegations, without some more substantial evidence, does not meet this requirement. *See*

7  *United States v Chereton*,  1994 WL 374544 *2(N.D. Cal. July 12, 1994).   Rather, the

8  nonmoving party must produce specific facts, by affidavit or other evidentiary materials

9  contemplated by Rule 56(e), showing that there is a genuine issue for trial.  *See id.*  If the

10  evidence is merely colorable or is not significantly probative as to any material fact claimed to

11  be disputed, summary judgment should be granted.  *See Eisenberg  v. Insurance Co. of North*

12  *Am.*, 815 F.2d 1285, 1288 (9th Cir. 1987); *Steckl v. Motorola, Inc.* 703 F.2d  392, 393 (quoting

13  *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979), cert. Denied, 445 U.S. 951

14  (1980)).  A mere "scintilla" of evidence supporting the nonmoving party's position will not suffice.

15  *Anderson*, at 252.  There must be enough of a showing that the jury could reasonable find for

16  the nonmoving party.  *See id*, at  256.   In the absence of such proof, summary judgment in

17  favor of the plaintiff is appropriate.  *See Irby*, at 1043.

18                Actions to enforce promissory notes are among the most suitable classes
               of cases for summary judgment, especially when the moving party shows
19                execution, delivery and the amount of the note. . . . If all inferences from
               the remaining facts are drawn in favor of the party opposing the motion .
20                the only question for this Court is whether the defendants' affirmative
               defenses are legally sufficient.
21

22  *FDIC v. Willis*, 497 F. Supp. 272, 276 (S.D. Ga. 1980).  *See* also *Lloyd v. Lawrence*, 472 F.2d

23  313, 316 (5th Cir. 1973).

24        C.   Affirmative Defenses

25        Defendant's FIRST AFFIRMATIVE DEFENSE is that Plaintiff fails to state a claim upon

26  which relief can be granted. This alleged affirmative defense is not an affirmative defense

27  because it is in issue under a simple denial of the allegations of the complaint. [*See Saks v*

28  *Franklin Covey Co.* (2nd Cir.2003) 316 F3d 337, 350—affirmative defense is assertion raising

1  new facts and arguments that, if true, will defeat plaintiff's claim even if all allegations in

2  complaint are true; *Wolf V Reliance Standard Life Ins, Co.* (1st Cir. 1995) 71 F3d 444, 449—test

3  is whether potential defense would bar right of recovery "even if the general complaint were

4  more or less admitted to"]  Accordingly, this alleged affirmative defense is overcome by the

5  declarations and points and authorities filed herein by plaintiff, which documents clearly

6  establish a cause of action for money on a promissory note against defendant.

7      Defendant's SECOND AFFIRMATIVE DEFENSE is that Plaintiff is barred due to an

8  accord of satisfaction. There is no evidence whatsoever of an accord and satisfaction.

9      Defendant's THIRD AFFIRMATIVE DEFENSE is that Plaintiff is estopped from the

10  recovery sought in its complaint. This alleged affirmative defense is overcome by the fact that

11  the United States is not subject to the defense of estoppel. *Federal Crop Insurance v Merrill* 332

12  US 380 (1947);*Heckler v. Community Health*, 467 US 51, 81 L Ed.2nd 42, 104 S Ct. 2218;

13  *Schweiker v. Hansen*, 450 US 785, 67 L Ed.2nd 685.

14      Defendant's FOURTH AFFIRMATIVE DEFENSE is that plaintiff is barred from the

15  recovery sought because of laches.  This alleged affirmative defense is overcome by the fact

16  that, "The United States is not... subject to the defense of laches in enforcing its rights". *U.S. v*

17  *Summerlin* 310 U.S. 414, 416 (1940);  See also *U.S. v Menatos* 925 F3d (9th Cir 1994).

18      Defendant's FIFTH AFFIRMATIVE DEFENSE is that plaintiff failed to account for all

19  payments made by defendant and that the calculation of sums due is incorrect.  This alleged

20  affirmative defense is not an affirmative defense because it is in issue under a simple denial of

21  the allegations of the complaint. [See *Saks v Franklin Covey Co.* (2nd Cir.2003) 316 F3d 337,

22  350—affirmative defense is assertion raising new facts and arguments that, if true, will defeat

23  plaintiff's claim even if all allegations in complaint are true; *Wolf V Reliance Standard Life Ins,*

24  *Co.* (1st Cir. 1995) 71 F3d 444, 449—test is whether potential defense would bar right of

25  recovery "even if the general complaint were more or less admitted to"]   Accordingly, this

26  alleged affirmative defense is overcome by the declarations and points and authorities filed

27  herein by plaintiff, which documents clearly establish a cause of action for money on a

28  promissory note against defendant.

Defendant's SIXTH AFFIRMATIVE DEFENSE is that plaintiff is guilty of unclean hands. This is not a suit in equity, therefore the doctrine of unclean hands does not apply.  Plaintiff seeks no equitable relief in this case.  This is a simple suit on a promissory note seeking only a monetary recovery.  According, this alleged affirmative defense fails.

Defendant's SEVENTH AFFIRMATIVE DEFENSE is that plaintiff is guilty of inequitable conduct based upon the plaintiff's alleged practices, procedures, methods and manners used to collect the sums owed.  This is not a suit in equity, therefore the doctrine of unclean hands does not apply.  Plaintiff seeks no equitable relief in this case.  This is a simple suit on a promissory note seeking only a monetary recovery.  According, this alleged affirmative defense fails.

D.  The Defendant Has Failed to Demonstrate That the Alleged Debts Are Not Valid

Plaintiff has demonstrated that:

between October 8, 1990 and November 4, 1993, defendant signed 7 promissory notes and received $38,454.00 to attend California School of Professional Psychology;

the notes were delivered to DHHS which reimbursed the SLMA for its claim;

defendant did not make payments as required under the terms of the promissory notes and was properly placed in default.

As a result of defendant's failure to repay the notes, she owes the United States $107,749.23 as of August 31, 2007, plus $23.05 per day thereafter until entry of judgment.

Defendant must set forth facts that defeat the Plaintiff's claim.  This the Defendant has not and cannot do.  Consequently, the United States is entitled to judgment for the amount of its claim.

## CONCLUSION

The plaintiff prays that judgment be entered against the defendant for principal of $105,181.77 plus interest of $2,567.46 as of August 31, 2007, for a total amount of $107,749.23

///

///

///

1   as of August 31, 2007, plus interest at $23.05 per day until the date judgment is entered herein.

2   DATED: July 20, 2007

3                                        Respectfully submitted,

4                                        S/S

        By:      _____
5                                        MICHAEL COSENTINO
                                         Counsel for the United States
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE BY MAIL**

2

3  I am a citizen of the United States and a resident of the County of Alameda, I am over the age

4  of eighteen and not a party to the within above-entitled action; my business address is 1070

5  Marina Village Parkway Suite 206, Alameda, California, 94501.  On July 20, 2007, I served the

6  following documents.

7      **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND**

8  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

9      **DECLARATION OF MICHAEL COSENTINO IN SUPPORT OF MOTION FOR**

10  **SUMMARY JUDGMENT**

11      **DECLARATION OF BARRY BLUM IN SUPPORT OF MOTION FOR SUMMARY**

12  **JUDGMENT**

13      **(Proposed) ORDER GRANTING SUMMARY JUDGMENT**

14      **(Proposed) JUDGMENT**

15  on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope with

16  postage thereon fully pre-paid, in the United States Post Office Box in Alameda, California,

17  addressed as follows:

18  Gregory B. Orton, Esq.
Law Offices of Gregory B. Orton
19  P.O. Box 1922
Sonoma, CA 95476
20

21  I declare under penalty of perjury that the foregoing is true and correct.

22  Executed on July 20, 2007 in Alameda, California.

23                                   S/S

24                          _____

25                          Michael Cosentino

26

27

28